**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| NINA FORSYTHE, as guardian of KATHRYN PARKER, a disabled person, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 11 C 7676 |
| v. | ) ) | Judge Amy J. St. Eve |
| ROSEN MEDICAL GROUP, LLC d/b/a LIFEWEIGH BARIATRICS; ALLEN MIKHAIL, M.D.; and JEFFREY ROSEN, M.D., | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

The Court denies Defendants' Motion for Choice of Law Ruling [122].

## STATEMENT

Before the Court is Defendants' Motion for Choice of Law Ruling.  (R. 122.) Defendants argue that Indiana law should govern Plaintiff's damages claims.  For the following reasons, the Court denies Defendants' motion.

## BACKGROUND

This is a medical negligence action arising out of the surgery of Kathryn Parker ("Parker") at Advocate Good Samaritan Hospital ("Advocate") in Downers Grove, Illinois.  Plaintiff filed suit against Advocate, Rosen Medical Group L.L.C., d/b/a/ Lifeweigh Bariatrics ("Lifeweigh Bariatrics"), and surgeons Dr. Jeffrey Rosen and Dr. Allen Mikhail.  Advocate settled with Plaintiff in December 2013 and the Court dismissed Advocate with prejudice.  (R. 108.)  Parker is a citizen of the State of Indiana. Defendant Rosen Medical Group, LLC d/b/a/ Lifeweigh Bariatrics is an Illinois limited liability company.  Jeffrey Rosen, a citizen of Illinois is its sole member, thus Rosen Medical Group, LLC is a citizen of the State of Illinois.  Defendant surgeons Drs. Rosen and Mikhail are both citizens of Illinois.[1]  The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

---

[1] Settled Defendant Advocate is both incorporated in and has its principal place of business in the State of Illinois.

Parker was admitted to Advocate for medical treatment including gastric bypass surgery on February 1, 2010. (R. 99, Third Am. Compl. ("TAC") ¶¶ 9-11; 22.) The parties do not dispute that Defendants' relevant treatment of Parker occurred at Advocate in Downers Grove, Illinois. (R. 122, Mot. at 1.) Plaintiff alleges that Defendants' negligent treatment of Parker related to this surgery caused her to suffer severe and permanent personal injuries for which she seeks compensatory damages. (TAC, ¶¶ 9-11; 22.)

## LEGAL STANDARD

When federal jurisdiction is based upon diversity of citizenship, as it is here, a district court must look to the law of the forum in which it sits for substantive law. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *City of Yorkville ex rel. Aurora Blacktop Incorp. v. American Southern Ins. Co.*, 654 F.3d 713, 716 (7th Cir. 2011). In determining which state's substantive law applies in a diversity action, a federal court must apply the choice of law rules of the state in which it sits. *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *see also In re Jafari,* 569 F.3d 644, 648 (7th Cir. 2009). For actions sounding in tort, Illinois applies the "most significant contacts" approach. *See Ingersoll v. Klein,* 46 Ill.2d 42, 45, 262 N.E.2d 593, 595 (1970); *Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 865 (7th Cir. 2010). This approach presumes that the local law of the state in which the injury occurred applies unless another state has a "more significant relationship" with the occurrence and with the parties, in which case that state's substantive law would control. *Id.*

## ANALYSIS

Defendants argue that while Illinois law applies to the issue of liability, Indiana law governs Plaintiff's damages claims. (Mot. at 2.) Plaintiff disagrees and asserts that Illinois law should apply. This dispute is important to the parties because Indiana statutory law provides a cap of $1.25 million for medical malpractice claims, Ind. Code § 34-18-14-3, while Illinois law provides no limit on the amount recoverable for non-economic loss or injury. *Lebron v. Gottlieb Mem. Hosp.*, 237 Ill.2d 217 (2010) (holding that statute that capped non-economic damages in medical malpractice actions violated the separation of powers clause of the state constitution.) Defendants contend that Indiana has a more significant relationship with the occurrence of the alleged injury and the parties. Defendants' primary argument in support is that Parker, the injured party, resides in Indiana and thus made a "deliberate choice to make her domicile in Indiana and be governed by the laws of that state." (*Id.* at 4.)

## I.    Illinois Law Has a More Significant Relationship

The parties agree that Illinois choice of law rules apply and that Illinois relies on the "most significant relationship" test. (*See* Mot. at 3; Resp. at 5; *see also Robinson*, 615 F.3d at 865.) In an Illinois tort action, "the law of the place of injury controls unless

Illinois has a more significant relationship with the occurrence and with the parties." *Esser v. McIntyre*, 169 Ill.2d 292, 214 Ill.Dec. 693, 661 N.E.2d 1138, 1141 (1996) (citation omitted). In other words, because the alleged injury in this case occurred in Illinois, there is a presumption that Illinois substantive law controls. *Robinson*, 615 F.3d at 865. Nevertheless, a party may still overcome that presumption if another state has a more significant interest in applying its law. *See Kaczmarek v. Allied Chem. Corp.,* 836 F.2d 1055, 1058 (7th Cir. 1987).

The most significant relationship test considers four factors as identified in the Restatement (Second) of Conflict of Laws § 145:

> (a) the place where the injury occurred,
>
> (b) the place where the conduct causing the injury occurred,
>
> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
>
> (d) the place where the relationship, if any, between the parties is centered.

*Ennega v. Starns,* 677 F.3d 766, 774 (7th Cir. 2012); *Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915-16 (7th Cir. 2006); *Townsend v. Sears, Roebuck and Co.*, 227 Ill.2d 147, 160 (2007).

Here, Illinois law has the most significant relationship with the occurrence and with the parties. The parties agree that the alleged injury occurred in Illinois. (TAC, ¶¶ 9-11, 22; Mot. at 1.) Further, the conduct that caused the alleged injury also occurred in Illinois. Plaintiff alleges that she underwent gastric bypass surgery at Advocate while under the care of Drs. Rosen and Mikhail and that their malpractice caused her injuries. (TAC, ¶¶ 9-11, 22.) The third factor, the residence, place of incorporation, and place of business of the parties, is either neutral or weighs in favor of Illinois. While Plaintiff is a resident of Indiana each Defendant is a resident of Illinois, Rosen Medical Group is an Illinois limited liability company, and settled Defendant Advocate is both incorporated in and has its principal place of business in Illinois. The fourth factor, the place where the relationship between the parties is centered, is not as clear. Defendants argue that the relationship between the two parties is centered in Indiana because Plaintiff "sought defendants out at their Merrillville, Indiana clinic" and "entered into and continued her relationship with the defendants in Indiana approximately eight months prior to her February 2010 surgery in Illinois." (R. 125, Reply at 9-10.) The deposition excerpt that Defendants cite in support of this assertion, however, shows only that Defendants had an Indiana office. (R. 125-1.) Defendants have not presented any evidence to establish that the relationship between Parker and Defendants originated in Indiana. Further, even if the record did support Defendants' assertion, that evidence would not tip the scales in their favor, particularly in light of the presumption that Illinois law applies. For these reasons, the Court finds that Illinois has the most significant relationship to the parties and the injury.

## II.    Defendants Waived Choice of Law Assertion

In addition to the fact that Illinois has the most significant relationship to this case, Defendants have waived their right to assert a choice of law argument.  Parties in a diversity action can acquiesce to the law of the forum state by asserting the forum state's law in their briefs and by waiting too long to assert a choice of law argument.  *Wachovia Securities, LLC v. Banco Panamerico, Inc.*, 674 F.3d 743, 751 (7th Cir. 2012) (determining that appellants acquiesced to the application of Illinois law by asserting Illinois law in briefs and by waiting until trial to raise a choice of law argument).  *See also Muslin v. Frelinghuysen Livestock Managers, Inc.*, 777 F.2d 1230, 1231 n.1 (7th Cir. 1985) (finding that appellant waived a choice of law assertion by acquiescing to the application of New York law and waiting until "a late point" to try to shift the focus to Illinois law); *Zabaneh Franchises, LLC v. Walker*, 361 Ill.Dec. 859, 863, 972 N.E.2d 344, 348 (Ill. App. 4th Dist. 2012) (holding that plaintiff waived a Missouri choice of law provision set forth in an agreement by relying heavily on Illinois law in a memorandum in support of a motion for a temporary restraining order and preliminary injunction).  This case has been pending since 2011 and Defendants waited approximately two and a half years – after fact and expert discovery closed – to raise their choice of law argument with respect to damages.  Further, Defendants asserted Illinois law in prior briefs before the Court.  (*See* R. 61, R. 72.)  Due to their delay in raising the argument and their prior reliance on Illinois law, Defendants have waived their choice of law argument.

## CONCLUSION

For the reasons discussed above, the Court denies Defendants' Motion for Choice of Law Ruling.


Date:  June 19, 2014

AMY J. ST. EVE
United States District Court Judge